IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE U. PADILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al,<br><br>    Defendants. | No. C 05-5115 JSW (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK**<br><br>**(Docket no. )** |

Plaintiff, formerly detained at the San Francisco Jail, filed this civil rights complaint. Plaintiff has also filed a prisoner motion to proceed *in forma pauperis.* However, it appears from the filing of a change of address form that since filing the complaint, Plaintiff has been released from jail. As such, Plaintiff is now ordered to file a non-prisoner motion to proceed *in forma pauperis*. The Clerk is directed to provide Plaintiff with a Non-prisoner in forma pauperis motion. Plaintiff has also requested for financial assistance and for appointment of counsel. The Court will resolve such motions if Plaintiff files an amended complaint that states a claim for relief. In this order the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

## STATEMENT OF FACTS

Plaintiff filed this complaint while incarcerated at the San Francisco County Jail. The allegations in the complaint are incomprehensible. Plaintiff apparently names the Department of Justice, the Federal Bureau of Investigation, Drug Enforcement Agency,

1  Central Intelligence Agency and other government bodies as Plaintiffs in the case.
2  Plaintiff lists as Defendants the San Francisco Superior Court, District Attorney and the
3  People of California as well as "snitches. . .assailants, aggressors, perpetrators, etc.", in
4  addition to some of the same agencies listed as Plaintiffs.  While many of the allegations
5  in the complaint are incomprehensible and possibly delusional (Plaintiff alleges he was
6  found incompetent to stand trial in the underlying criminal case), Plaintiff also appears to
7  allege that excessive force was used in taking him into custody.  However, it is unclear
8  whether that claim is the basis for this action.  Plaintiff seeks damages.

## DISCUSSION

### I  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### II  Legal Claims

To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).  The mere reference to a federal

2

statute in a pleading will not convert a state law claim into a federal cause of action. *Id.* While a plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery," *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989 (9th Cir. 1976).

A complaint must contain sufficient allegations to put defendants fairly on notice of the claims against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). And a complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The failure to comply with Rule 8(e), requiring each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Although Plaintiff plainly believes he has been aggrieved, the Court is unable to ascertain either the constitutional injury alleged or the actions for which each named Defendant is allegedly responsible. The Court cannot cull defendants and claims from Plaintiff's pleadings and documentation – Plaintiff must clearly and *succinctly*: name each Defendant, state the injury that Defendant caused, identify the claimed constitutional provision violated, and request the sought-after remedy. Plaintiff may not use the term "defendants" to describe conduct without identifying to whom he refers. Without this basic information, the complaint cannot proceed.

Accordingly, the complaint is DISMISSED for failure to comply with Rule

1  8(a)(2).  Having been advised what he must due to cure this deficiency, Plaintiff may
2  AMEND his complaint, as set forth below.

3  If Plaintiff wants to include a municipality as a defendant in his amended
4  complaint, he must use care in attempting to allege municipal liability.  A municipality
5  can be a "person" subject to liability under § 1983 when its official policy or custom
6  causes a constitutional tort, but a municipality has no vicarious liability for the
7  unconstitutional acts of its employees under the theory of respondeat superior.  *See*
8  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *see Plumeau v. School Dist.*
9  *#40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (to establish municipal
10 liability based on an official policy or custom, plaintiff must show: (1) that he possessed
11 a constitutional right of which he was deprived; (2) that the municipality had a policy;
12 (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional
13 rights; and (4) that the policy is the moving force behind the constitutional violation).  A
14 municipality also may be liable for constitutional violations from its failure to supervise,
15 monitor or train, but only where that failure amounts to deliberate indifference to the
16 rights of persons with whom the municipality's employees come into contact.  *See*
17 *Canton v. Harris*, 489 U.S. 378, 388 (1989).

18 Plaintiff must also be mindful to only allege claims in an amended complaint that
19 are properly joined together.  Federal Rule of Civil Procedure Rule 20 provides,

> All persons. . .may be joined in one action  as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a).  Plaintiff's complaint appears to allege completely unrelated claims against different individuals.  The claims are not related such that they may be joined in a single action.  In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b)

4

present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint. If Plaintiff's amended complaint includes claims and parties that are not properly joined, they may be "dropped or added by order of the court . . .on such terms as are just. F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Plaintiff's motion to proceed as an *in forma pauperis* prisoner (docket no. 2) is DENIED. The Clerk is directed to send Plaintiff a non-prisoner motion to proceed *in forma pauperis.*

2. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty days from the date of this order***. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 15, 2006

JEFFREY S. WHITE
United States District Judge